IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES CAMPBELL v. | CIVIL ACTION |
|---|---|
| BRIAN COLEMAN, et al. | NO. 13-3982 |

### MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS

BAYLSON, District Judge                                                        February 4, 2014

Presently before the Court is a Report and Recommendation issued by Magistrate Judge Jacob P. Hart, denying Petitioner Charles Campbell's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Upon independent and thorough review, and for the reasons stated below, the Court will affirm the Report and Recommendation and dismiss the Petition.

### I. Factual and Procedural Background

Campbell challenges his incarceration under a state court conviction for robbery, aggravated assault and carrying a firearm on public streets under 28 U.S.C. § 2254. Campbell was convicted on December 10, 1991, and sentenced to 40 to 80 years. On January 4, 1994 the Pennsylvania Superior Court affirmed the judgment and sentence, and the Supreme Court of Pennsylvania denied Campbell's petition for appeal on April 20, 1994.

Campbell filed a petition under the Pennsylvania Post-Conviction Relief Act, 42 Pa. C.S. §§9541-9546, on January 4, 1994. He was appointed counsel, but counsel filed a "no-merit letter" and withdrew on November 7, 1997. Petitioner's counsel wrote that he reviewed the trial record and found a reasonable basis for all of the trial attorney's acts and omissions. (ECF No. 8B). Petitioner proceeded pro se, arguing his sentence was illegal because it exceeded the lawful

1

maximum by sentencing him to consecutive terms of 10 to 20 years based on a single incident. (ECF No. 8B). Notably, the attorney's no-merit letter explained that the petitioner raised this same claim in direct appeal. The PCRA court dismissed Campbell's petition on December 8, 1997, finding no merit to the issue raised, and the Superior Court affirmed the dismissal on June 23, 1999. Campbell filed a second petition on October 8, 1999, which was dismissed as untimely on November 29, 1999. The Superior Court upheld the dismissal on August 16, 2000. Campbell filed a third petition on April 4, 2004, which was dismissed as lacking merit and untimely. The Superior Court affirmed the dismissal on June 27, 2006.

Campbell filed a federal habeas petition on July 9, 2013 asserting actual innocence, insufficient evidence to support his conviction, that his consecutive sentence is illegal, and that the Pennsylvania court erred in denying his petition under the PCRA. (ECF No. 1).

## II. THE REPORT AN D RECOMMENDATION

Magistrate Judge Jacob P. Hart recommended the petition be denied as untimely, because Campbell's conviction was final on April 20, 1994, and even tolling for properly filed state collateral proceedings does not render his petition timely. Magistrate Judge Hart further found equitable tolling does not apply to this case because Petitioner did not diligently pursue his rights, he was not prevented from asserted his rights, and he does not raise any new evidence to support an actual innocence exception.

## III. PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Campbell contends the Federal Rules of Procedure Governing Habeas petitions was not followed, because the U.S. Attorney General failed to respond to his petition, and this failure to answer prejudiced Campbell.

Campbell next contends he was denied his right to an attorney for the PCRA petitions and appeals.

Campbell finally argues that statutory and equitable tolling should apply, because the PCRA court erred in denying his initial petition.

## IV. ANALYSIS

### A. Habeas Procedure Rule 4(b)

The Philadelphia District Attorney served Campbell an answer to his habeas petition. (ECF No. 8). Petitioner contends the US Attorney General must respond to his petition because the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule) Rule 4(b) states "if the motion is not dismissed the judge must order the United States attorney to file an answer." But Habeas Rule 4 states "[i]f the petition is not dismissed, the judge must 4 order the respondent to file an answer."

### B. Representation through PCRA

"Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). The Supreme Court of Pennsylvania has held "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Pennsylvania v. Grant, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002).

3

Martinez addressed procedural default, but not the statute of limitations under 28 U.S.C.

§ 2244 (d)(1) (1996). Accordingly, the Report and Recommendation correctly found it has no

bearing on this petition.

## C. Tolling

A 1-year period of limitations applies to habeas petition.

The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such review.
    (B) the date on which the impediment to filing an application created by
the State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1) (1996).

### 1. Statutory Tolling

"The time during which a properly filed application for state post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

The Pennsylvania Post-Conviction Relief Act went into effect on January 16, 1996 and

provided for a one-year grace period to file petitions. 42 Pa. C.S. § 9545(b)(1). Campbell filed

his PCRA petition on January 8, 1997, and timely filed an appeal on December 11, 1997, which

was denied on June 23, 1999. Campbell had thirty days to petition for appeal to the Supreme

Court of Pennsylvania, which he did not seek.

The Report and Recommendation correctly found Campbell's limitations period was

tolled from January 8, 1997 through July 23, 1999 under 28 U.S.C. § 2244(d)(2), because his

4

PCRA petition was properly filed. Indeed, the petition was considered on the merits, and not dismissed for any procedural defect. The Report and Recommendation explained that Campbell exhausted 259 days of the limitations period between January 6, 1996 and January 8, 1997, so with the statutory tolling, Campbell's limitations period expired on November 6, 1999.

Although Campbell filed a second habeas petition before the tolling period expired, this petition was not timely under the PCRA. The Pennsylvania Superior Court upheld this finding on appeal. Accordingly, this second petition did not toll the limitations period, and Campbell's federal habeas petition is untimely.

2. Equitable tolling

Equitable tolling is available if (1) the defendant has actively misled the petitioner; (2) the petitioner was prevented from asserting his rights has in some extraordinary way; or (3) if the plaintiff has timely asserted his rights, but mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (quoting New Castle Cnty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

The Report and Recommendation correctly noted that Petitioner did not exercise diligence in bringing his claims, because he waited 14 years after his conviction was final, and seven years after his last PCRA petition was denied to bring the present petition. Petitioner does not point to any fact that supports a finding of equitable tolling for any of the three reasons articulated by the Third Circuit. The petition also cannot be tolled on the basis of actual innocence, because Petitioner does not point to any new evidence, in light of which no reasonable juror would have convicted him. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935

(2013). Accordingly, the conditions for the sparing use of equitable tolling are not present in the instant case.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation and dismiss the Petition for Writ of Habeas Corpus. The Court concludes that there is no basis for issuance of a certificate of appealability.

An appropriate Order follows.

O:\CIVIL 13\13-3982 campbell v. coleman\13cv3982.randr.memp.docx

6